BAYLESS. (MANUFACTURERS' & FARMERS' BANK v.) See Case No. 9,050.

---

## Case No. 1,138.

### BAYLESS v. TRAVELERS' INS. CO.

[14 Blatchf. 143;[1] 6 Ins. Law J. 109; 9 Chi. Leg. News, 201; 23 Int. Rev. Rec. 111; 24 Pittsb. Leg. J. 140.]

Circuit Court, E. D. New York. Feb. Term, 1877.

ACCIDENT INSURANCE—DEATH BY MEDICAL TREATMENT—OVERDOSE OF OPIUM.

1. A policy of insurance against accident provided for the payment to the plaintiff of a specified sum within a specified time, after sufficient proof that the insured "shall have sustained bodily injuries effected through external, violent and accidental means." "and such injuries alone shall have occasioned death," "provided, that this insurance shall not extend to any death or disability which may have been caused wholly or in part by any surgical operation or medical or mechanical treatment for disease." A specified dose of opium was prescribed to the insured by his physician, to allay nervousness and restlessness. By inadvertence, he took more opium than he intended and his death was caused thereby: *Held*, that his death was caused wholly or in part by medical treatment for disease, and was not covered by the policy.

[Cited in Crandal v. Accident Ins. Co., 27 Fed. 45.]

2. *Held*, also, that the case was not one of bodily injury effected through external, violent and accidental means, occasioning death, within the meaning of the policy.

[Cited in Crandal v. Accident Ins. Co., 27 Fed. 45.]

---

[1][Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

At law.

Redfield & Hill, for plaintiff.

Mather & Ennever, for defendant.

BENEDICT, District Judge. This action is brought upon a policy of insurance against accident, issued by the defendants, whereby they agreed to pay to the plaintiff the sum of $10,000, "within ninety days after sufficient proof that the insured, William E. S. Bayless, at any time within the continuance of the policy, shall have sustained bodily injuries effected through external, violent and accidental means, within the intent and meaning of this contract, and the conditions hereunto annexed, and such injuries alone shall have occasioned death within ninety days from the happening thereof." The contract contained the following proviso: "Provided, that this insurance shall not extend to any death or disability which may have been caused wholly or in part by any surgical operation, or medical or mechanical treatment for disease." The cause was tried before the court and a jury, when, upon the evidence adduced, a verdict for the plaintiff was directed, subject to the opinion of the court upon the question whether the facts proved were sufficient to render the defendants liable upon their policy. The following are the facts, as derived from the evidence, and, in stating them, I adopt the conclusions of fact most favorable to the plaintiff, that the evidence will permit to be drawn. The insured died on the 20th of November, 1872. A week or so previous to his death he was suffering from influenza, the result of a cold, and was then treated therefor by his physician. He began to get better, when, on Friday night before his death, he had an attack of cholera morbus, accompanied with convulsions, which seemed to completely shatter his nervous system and left him in a wholly nervous state. On Monday following he was again better, proposed to go to his business, and asked his physician, on account of restlessness, to give him some opiate for a quiet night's sleep. The physician ordered a preparation of opium and directed him to take twenty drops of it before going to bed. He was at this time taking chloral, under the same medical advice, and the opium was directed to be taken in addition to a prescribed dose of chloral. That night the insured took the prescribed dose of chloral, and, as may be inferred from the facts shown, a dose of opium also. There is no direct evidence as to the quantity of opium he took, but I shall treat the case as if the evidence respecting the symptoms that followed and the actions of the insured was sufficient to warrant a jury in finding that, through inadvertence, the insured took more opium than he intended to take, and such a quantity that his death was caused thereby. It is by no means clear that such finding would be warranted by the evidence given, and it is certain that no conclusion more favorable to the plaintiff can be drawn from the proofs. I am, therefore, to determine whether, as matter of law, such a death is within the scope of the policy sued on. Upon this question, my opinion is adverse to the plaintiff. As I view the evidence, the death was caused by "medical treatment for disease," and, if so, it was excepted by the terms of the policy.

The contention in behalf of the plaintiff is, that the opium was not administered by the hand of a physician, and, moreover, was not the dose directed by the physician to be taken, but was a dose taken by the insured upon his own judgment, and that these facts take the case out of the exception in the policy. But, it must be conceded, that the opium which caused the death was taken by the insured with the object of allaying the nervous excitement from which he was suffering. Certainly, then, this was disease. The advice of a physician had been taken as to its cure. It is equally certain that there was a treatment of this disease, for, the remedy prescribed by the physician was taken, although in excessive quantity, and the opium taken was so taken because the physician had prescribed it to remedy the disease. The opium was taken with no other object than to effect the result which the physician had advised should be attained by using opium. Under these circumstances, the fact that the patient deviated from the direction given by the physician in the matter of amount, and, upon his own judgment, took a larger dose than had been directed, does not change the character of the act. The object of the insured in taking the opium he did was to cure or else to kill. The facts repel the idea of an intention to kill and prove the intention to cure. Death caused by such an act, done with such an intent, is, in my opinion, a death caused wholly or in part by medical treatment for disease and, therefore, is not covered by the policy. I am also of the opinion that the facts do not disclose a case of bodily injury, effected through "external, violent and accidental means," occasioning death, within the meaning of the policy. I do not consider that violence can fairly be said to be an ingredient in the act of taking a dose of medicine, although the medicine be destructive in its action, and death the result.

These considerations compel to a denial of the motion for judgment in favor of the plaintiff, and a direction that judgment for the defendants be entered.